# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 22-594V

|   |   |
|---|---|
| KATHERINE MILLER,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 27, 2025 |

*Laura Levenberg, Muller Brazil, LLP, Dresher, PA*, for Petitioner.

*Mitchell Jones, U.S. Department of Justice, Washington, DC*, for Respondent.

### RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES[1]

On May 31, 2022, Katherine Miller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA") - as the result of influenza ("flu") vaccine received on December 3, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. Because entitlement was contested, the parties were ordered to file briefs addressing whether Petitioner has established a Table case, and

---

[1] Because this Ruling and Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

setting forth their respective arguments on damages should I find entitlement in favor of Petitioner. ECF No. 27. The parties were subsequently notified that I would resolve this dispute via an expedited "Motions Day" hearing, which took place on January 24, 2025.

Petitioner argues she has established a Table claim for SIRVA pursuant to 42 C.F.R. §§ 100.3(a)(XIV)(B) and 100.3(c)(10) and seeks an award of $63,000.00 in compensation for Petitioner's actual pain and suffering, plus $3,204.06 for reimbursement of a Medicaid lien. ECF No. 30. Respondent disputes that the Table elements have been met, arguing that Petitioner has failed to establish that she received the flu vaccine in her injured right shoulder, and thus cannot demonstrate that "pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered" pursuant C.F.R. § 100.3(c)(10)(iii). ECF Nos. 26, 32. Otherwise, if I find that Petitioner has established a Table case, Respondent recommends an award lower amount than $63,000.00 for pain and suffering (but accepts the Medicaid lien calculation). ECF No. 32.

After considering the arguments of both sides, I issued an oral ruling on entitlement and damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A). An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. In another recent decision I discussed at length the legal standards to be considered in determining entitlement and damages and prior SIRVA compensation within SPU. I incorporate herein my prior discussion in Sections III (A) and IV (A) and (B) of *Tully v. Sec'y of Health & Hum. Servs.*, No. 21-1998V, 2024 WL 4533515, at *6-8; 10-12 (Fed. Cl. Spec. Mstr. Sept. 20, 2024) to the instant Ruling and Decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my resolution of this matter.

Based on my review of the complete record as a whole and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A) of the Vaccine Act I find that Petitioner has established that she received the flu vaccine in her injured right shoulder, and demonstrated that her "pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered" and that all other SIRVA Table requirements are met (*see* 42 C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10)). Additionally, Petitioner has established the other claim requirements listed in Section 11(c), *i.e.,* receipt of a covered vaccine, etc. *See generally* § 11(c)(1)(A)(B)(E). I therefore find that Petitioner is entitled to compensation in this case, and that $63,000.00 represents a fair and appropriate amount of damages for Petitioner's actual pain and suffering.[3]

---

[3] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-

**Accordingly, I award Petitioner the following:**

1. **A lump sum payment of $63,000.00, representing pain and suffering, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement; and**

2. **A lump sum payment of $3,204.06, representing compensation for satisfaction of the State of Pennsylvania Medicaid lien, in the form of a check payable jointly to Petitioner and:**

>   **Department of Human Services**
>   **Bureau of Program Integrity**
>   **Division of Third Party Liability**
>   **Recovery Section**
>   **PO Box 8486**
>   **Harrisburg, Pennsylvania 17105-8486**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

>                                       **s/Brian H. Corcoran**
>                                       Brian H. Corcoran
>                                       Chief Special Master

---

0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.